UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 07-402 |
| TERESA BRENAN | SECTION "C" |

ORDER AND REASONS

This matter comes before the Court on motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Teresa Brenan ("Brenan"). Having considered the record, the memoranda and the law, the Court has determined that the motion should be denied for the following reasons.

On February 8, 2008, Brenan pleaded guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924( c). On October 15, 2008, she was sentenced to 60 months imprisonment on each count, to be served consecutively, reflecting a sentencing reduction from the guideline range. Rec. Docs. 257, 259, 263-64. No appeal was taken, and this motion was filed on August 23,

1

2012.

In her motion, Brenan argues that her criminal history is lower than that reflected in the pre-sentence report because of the ruling in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), under which she should not be considered as a felon. The Court's reading of the *Simmons* case indicates that it determined that a non-felony conviction could not be used as a predicate felony conviction for purposes of an enhancement under the Controlled Substances Act, 21 U.S.C. § (b)(1)(B). However, the record reflects that the sentence imposed on Brenan was not enhanced, but resulted from the consideration of the quantity of drugs involved in the conspiracy count, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine under 21 U.S.C. § (b)(1)(A)(viii), along with the use of the gun during and in relation to a drug trafficking crime under 18 U.S.C. § 924( c) under the other count.

It is unclear whether Brenan is challenging consideration of the criminal history point resulting from a August 26, 2002, sentence to pay fines and court costs relative to a conviction for theft of goods under $100 in Jefferson Parish First Parish Court. Even if that criminal history point is deducted or ignored, her Criminal History Category under Section 5, Part A of the Guidelines would not change.

In any event, if the ruling in *Simmons* is relevant to her sentence, it is not binding

on district courts in this Circuit and was not issued by the United States Supreme Court. This results in her motion being untimely filed under 28 U.S.C. § 2255(f) because there is no "date on which the right asserted was initially recognized by the Supreme Court" or made retroactively applicable. Finally, Brenan's plea bargain precludes a collateral attack such as this under *United States v. White*, 307 F.3d 336 (5th Cir. 2002).

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Teresa Brenan is DENIED.

New Orleans, Louisiana, this 4th day of February, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE